**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TSERENDOLGOR TURGEREL,

      Petitioner,

v.

MICHAEL B. MUKASEY,[*] United
States Attorney General,

      Respondent.

No. 07-9520
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

     Tserendolgor Turgerel, a native and citizen of Mongolia, petitions for

review of a final order of removal. Exercising jurisdiction under 8 U.S.C.

§ 1252(a)(1), we deny the petition.

---

[*]     On November 9, 2007, Michael B. Mukasey became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Mukasey is substituted for Alberto R. Gonzales as the
respondent in this action.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In July 2000 Ms. Turgerel traveled to Mexico with a valid Mongolian passport and a tourist visa, and attempted to enter the United States at the port of entry in San Ysidro, California. Allegedly at the urging of her traveling companion, she did not present her passport but instead asserted that she was a United States citizen born in Hawaii. Immigration officials conducted an expedited removal proceeding under 8 U.S.C. § 1225(b)(1) and issued a Notice and Order of Expedited Removal, determining that because Ms. Turgerel had made a false claim of United States citizenship and did not have any travel documents that permitted her to enter the country, she was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii)[1] and 1182(a)(7)(A)(i)(I).[2] Admin. R. at 306. She

---

[1] At the time of Ms. Turgerel's removal in 2000, this provision read: "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act (including section 1324a of this title) or any other Federal or State law is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii) (Supp. II 1996). This provision is currently codified at § 1182(a)(6)(C)(ii)(I).

[2] This provision, which has not changed since the time of Ms. Turgerel's removal in 2000, states, in pertinent part:

Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission--

(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of

(continued...)

was removed from the United States to Mongolia on July 27, 2000, and given notice that she was prohibited from entering, attempting to enter, or being in the United States for a period of five years. *Id.* at 305.

Shortly after returning to Mongolia, Ms. Turgerel met a United States citizen, and the two were married in Mongolia in 2002. She attempted to enter the United States again on September 11, 2003, at San Francisco International Airport, where she presented a valid Mongolian passport. She also had an approved conditional resident visa, known as a CR-1 visa, which is available to a spouse who is a beneficiary of a Form I-130, Petition for Alien Relative. But upon primary and secondary inspection, it appeared Ms. Turgerel was inadmissible for a combination of reasons—(1) she had been removed in 2000 for falsely claiming to be a United States citizen; (2) she had failed to disclose on her CR-1 application that she had been refused admission to the United States; (3) a memo from the Nebraska Service Center indicated that she was inadmissible because of the prior removal; and (4) there was no waiver of inadmissibility in her CR-1 visa package. *Id.* at 310. Accordingly, she was paroled for deferred

---

[2](...continued)
           identity and nationality if such document is required
           under the regulations issued by the Attorney General
           under section 1181(a) of this title[, is inadmissible.]

8 U.S.C. § 1182(a)(7)(A)(i)(I).

inspection and permitted to complete her travel plans, settling with her husband in Utah.

Ms. Turgerel's parole was revoked on June 29, 2004, when she was served with a notice to appear (NTA) before an immigration judge (IJ). The NTA charged Ms. Turgerel with inadmissibility under the same two statutes she was charged with in 2000, 8 U.S.C. § 1182(a)(6)(C)(ii) and (a)(7)(A)(i)(I). Several hearings were held, at which Ms. Turgerel, her husband, her father-in-law, and the immigration inspector who had entered the expedited removal order in 2000 testified.

In his oral decision the IJ made a number of findings with respect to the 2000 expedited removal proceedings. He found that Ms. Turgerel had signed a sworn statement generated by the immigration inspector during an oral interview that contained an admission that she had falsely presented herself as a United States citizen when she tried to enter the country at San Ysidro. The IJ also found that Ms. Turgerel, who had obtained a college degree in English in Mongolia in 1998, understood English sufficiently in 2000 such that a translator was not required at the expedited removal proceeding, and that the sworn statement had been read to her. Accordingly, the IJ found that she understood both the contents of her sworn statement and the nature of what she had done. Further, he determined that the false representation was for the purpose of gaining admission without inspection, a benefit under the Immigration and

Nationality Act.  Finally, the IJ noted that Ms. Turgerel had admitted her false representation again during her testimony in the immigration court.  The IJ, therefore, found her inadmissible as charged[3] and in his discretion granted her the relief of voluntary departure.  Ms. Turgerel appealed to the Board of Immigration Appeals (BIA), which affirmed per curiam and without opinion under 8 C.F.R. § 1003.1(e)(4).  She then filed this petition for review.

## II.

Because the BIA issued a per curiam decision under 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision.  *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006).  We examine questions of law de novo and examine an agency's factual findings to see if they "are supported by reasonable, substantial and probative evidence considering the record as a whole."  *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).  "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We review issues concerning our subject matter jurisdiction de novo.  *Huerta v. Gonzales*, 443 F.3d 753, 755 (10th Cir. 2006).

---

[3]     The IJ found Ms. Turgerel removable on both charges, although in the body of his oral ruling he specifically discussed inadmissibility under only § 1182(a)(6)(C)(ii).

All of Ms. Turgerel's arguments on appeal are aimed at establishing that the expedited removal proceeding conducted pursuant to § 1225(b)(1) violated her constitutional rights and therefore the expedited removal order is invalid. Based on these alleged errors, she then would have us conclude that the IJ erred in relying on evidence related to the expedited removal proceeding. But except as provided in § 1252(e), whose limited exceptions do not apply here, we lack jurisdiction to review "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(i). The collateral review Ms. Turgerel would have us conduct amounts to a claim arising from the implementation or operation of the expedited removal order, so we cannot undertake that review.

Nor does 8 U.S.C. § 1252(a)(2)(D) override the jurisdictional bar of § 1252(a)(2)(A)(i) insofar as Ms. Turgerel raises constitutional claims or questions of law concerning her expedited removal in 2000.[4] "Section 1252(a)(2)(D) preserves § 1252(a)(2)(A)" and as a result, even as a collateral matter, "we lack jurisdiction to review any constitutional or statutory claims

---

[4]     Section 1252(a)(2)(D) provides: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

related to [a § 1225(b)(1)] removal order." *Lorenzo v. Mukasey*, 508 F.3d 1278, No. 06-9505, 2007 WL 4111986, at *2 (10th Cir. Nov. 20, 2007).

Having determined that we lack jurisdiction to review the claims of error Ms. Turgerel has raised, we conclude that the IJ properly relied on evidence related to her expedited removal, which clearly shows that Ms. Turgerel had made a claim of false citizenship in 2000 for a benefit under federal or state law. Accordingly, the IJ's factual findings are "supported by reasonable, substantial and probative evidence considering the record as a whole." *Elzour*, 378 F.3d at 1150. Further, the IJ properly determined that Ms. Turgerel could not meet her evidentiary burden to show that she was admissible and not inadmissible under § 1182(a)(6)(C)(ii) as charged. *See* 8 U.S.C. § 1229a(c)(2)(A) (explaining that an alien applying for admission bears the burden in a removal proceeding of establishing "that the alien is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 1182"); *see also* 8 C.F.R. § 1240.8(b) (substantially the same).[5]

---

[5] As noted above, the IJ also determined, albeit without discussion, that Ms. Turgerel was not admissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for lack of proper entry documents. Although Ms. Turgerel did not take issue with this alternate ground of inadmissibility in either her opening appellate brief or her brief before the BIA, we decline to affirm solely on this alternate basis because the IJ did not discuss it with any specificity in his decision.

III.

The petition for review is denied.  We express no opinion as to Ms. Turgerel's argument that she is subject to a five-year bar to admission as a result of the 2000 expedited removal order rather than a lifetime bar.  *See* Pet'r Br. at 7.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge