FILED
United States Court of Appeals
Tenth Circuit

August 19, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUAN FRANCISCO
MACIAS-GUERRERO,

    Petitioner,

v.

WILLIAM P. BARR,
United States Attorney General,

    Respondent.

No. 19-9514
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ, PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Juan Francisco Macias-Guerrero, a native and citizen of Mexico, was

apprehended in this country shortly after illegally crossing the border near Santa

Teresa, New Mexico.  He was deemed inadmissible under 8 U.S.C.

§ 1182(a)(7)(A)(i)(I) and was placed in expedited removal proceedings under 8

U.S.C. § 1225(b)(1).  Because Mr. Macias-Guerrero expressed a fear of persecution

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this petition for review.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case
is therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

if he was returned to Mexico, he was given a credible-fear interview. The asylum officer determined that Mr. Macias-Guerrero did not establish a credible fear of persecution and that there was not a significant possibility that he would be eligible for withholding of removal or relief under the Convention Against Torture. He requested review by an immigration judge (IJ), who affirmed the asylum officer's decision.

Mr. Macias-Guerrero then filed a petition for review in this court. In its appellate brief the government contends that we lack jurisdiction, and Mr. Macias-Guerrero has filed no reply brief in response. We agree with the government and therefore dismiss the petition without reaching the merits.

"The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *see also* Fed. R. App. P. 28(a)(4)(B) (appellant's brief must provide a jurisdictional statement that includes "the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions"). Mr. Macias-Guerrero's opening brief states that this court has jurisdiction under 8 U.S.C. § 1252(a)(1) and (a)(2)(D). In the circumstances of this proceeding, however, neither of these provisions allows this court to review the IJ's order.

Under § 1252(a)(1) we generally have jurisdiction to review final orders of removal. Crucially, however, the order in this case was an expedited removal order

2

issued under § 1225(b)(1), and § 1252(a)(1) expressly does not apply to "order[s] of removal without a hearing pursuant to section 1225(b)(1) of this title."

In addition, § 1252(a)(2)(A), which is entitled "Review relating to section 1225(b)(1)," has two relevant restrictions on our authority to consider Mr. Macias-Guerrero's claims. First, § 1252(a)(2)(A)(i) states that "no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." That provision contains an exception stating that proceedings under § 1225(b)(1) are reviewable to the extent allowed by § 1252(e). But "[t]he avenues for review provided by § 1252(e) are strictly limited and do not apply here." *Lorenzo v. Mukasey*, 508 F.3d 1278, 1281 (10th Cir. 2007).

Second, § 1252(a)(2)(A)(iii) states that "no court shall have jurisdiction to review . . . the application of [§ 1225(b)(1)] to individual aliens, including the determination made under section 1225(b)(1)(B)"—which is the credible-fear determination, *see* § 1225(b)(1)(B). In light of these provisions, we lack jurisdiction under § 1252(a)(1). *See Turgerel v. Mukasey*, 513 F.3d 1202, 1205 (10th Cir. 2008) (§ 1252(a)(2)(A) precludes collateral review of a prior expedited removal order); *Lorenzo v. Mukasey*, 508 F.3d 1278, 1281 (10th Cir. 2007) (same); *Pena v. Lynch*, 815 F.3d 452, 457 (9th Cir. 2016) ("We lack jurisdiction to review [the petitioner's] challenge to his expedited removal proceedings in view of the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(A).").

3

Nor does § 1252(a)(2)(D) aid Mr. Macias-Guerrero. Although that section preserves "review of constitutional claims or questions of law raised upon a petition for review," it preserves such review only for claims that would otherwise be barred from review by "subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review." § 1252(a)(2)(D). As discussed above, the section limiting our jurisdiction to review § 1225(b)(1) expedited removal orders is not subparagraph (B) or (C), but is subparagraph (A) of the same section as subparagraph (D). By its plain terms, therefore, § 1252(a)(2)(D) does not apply to limitations imposed by § 1252(a)(2)(A). *See Turgerel*, 513 F.3d at 1206 ("Section 1252(a)(2)(D) preserves § 1252(a)(2)(A)." (internal quotation marks omitted)); *Lorenzo*, 508 F.3d at 1281 (same). Accordingly, "we lack jurisdiction to review any constitutional or statutory claims related to [a § 1225(b)(1)] removal order." *Lorenzo*, 508 F.3d at 1281.

Finally, we note that the Supreme Court has recently decided that the statutory limitations on review of decisions in expedited-review proceedings do not deny due process to aliens. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). "Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Id*. at 1982 (internal quotation marks omitted).

For these reasons, neither § 1252(a)(1) nor § 1252(a)(2)(D) establishes jurisdiction over this matter. And Mr. Macias-Guerrero has identified no other

4

ground for this court to exercise jurisdiction. As a result, the petition for review is dismissed for lack of jurisdiction.

Entered for the Court


Harris L Hartz
Circuit Judge
