**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE ALEJANDRO GARCIA-
MARRUFO,

  Petitioner,

  v.                                            No. 03-9516

JOHN ASHCROFT, Attorney General
of the United States,

  Respondent.

**PETITION FOR REVIEW OF AN ORDER OF THE
IMMIGRATION AND NATURALIZATION SERVICE
(INS NO. A76-004-625)**

Submitted on the briefs:

David K. Link of Link Law Office, LLC, Wichita, Kansas, for Petitioner.

Emily Anne Radford, Assistant Director, and Blair T. O'Connor, Attorney,
United States Department of Justice, Civil Division, Office of Immigration
Litigation, Washington, D.C., for Respondent.

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

**HARTZ** , Circuit Judge.

Petitioner Jose Alejandro Garcia-Marrufo appeals an order issued by the Immigration and Naturalization Service (INS)[1] reinstating a prior order of removal. He seeks to challenge the original order of removal. In addition, he argues that the reinstatement procedure denied him due process and that irregularities in the record require a remand to the agency. We hold that we lack jurisdiction to review the underlying order of removal. As for the remaining issues, we exercise jurisdiction under § 242 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252, to review the reinstatement order, and affirm.[2]

## I. BACKGROUND

Petitioner, a Mexican citizen, entered the United States in May 1993. On November 22, 1995, he pleaded guilty to burglary and theft in Kansas state court. He was sentenced to 24 months' probation, with an underlying prison term of 12 months for the burglary offense and 6 months for the theft offense, the sentences to run concurrently. On May 1, 1998, the INS initiated expedited removal proceedings against Petitioner, contending that he had been convicted of an

---

[1]On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice. Its enforcement functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). Because the events at issue here predate that reorganization, we continue to refer to the INS in this opinion.

[2]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

aggravated felony as defined in INA §101(a)(43), 8 U.S.C. § 1101(a)(43)(G) (including in definition of "aggravated felony" those burglary offenses for which the term of imprisonment was at least one year). He was removed on May 12, 1998.

On June 15, 1998, Petitioner illegally reentered the United States. He married a United States citizen on April 2, 2001, and then filed an application for adjustment of status under INA § 245(i), 8 U.S.C. §1255(i), seeking to become a lawful permanent resident in light of his marriage. His application included an application for waiver of the effect of his state-court conviction under INA § 212(h), 8 U.S.C. § 1182(h) (INS Form 1-601). On January 22, 2003, during an interview related to his application for adjustment of status, Petitioner admitted that he was a citizen of Mexico, that he had been previously deported, and that he had reentered the United States without seeking permission from the Attorney General. Based on these admissions, the INS on that same day served Petitioner with notice that the Attorney General intended to reinstate the prior removal order. The original removal order was thereafter reinstated.

Petitioner's application for adjustment of status was denied on February 13, 2003. On September 18, 2003, a Kansas state district court set aside the burglary conviction that was the basis for his original deportation. His INS application for waiver of the effect of his state-court conviction apparently is still pending.

On appeal Petitioner argues that (1) the 1998 order of removal was unlawful because his state conviction was not an aggravated felony; (2) this matter must be remanded to the INS for further proceedings because the conviction providing the basis for the original order of removal has been set aside; (3) the reinstatement procedure set forth in INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) does not satisfy due process; and (4) irregularities in the administrative record require a remand. We hold that we do not have jurisdiction to consider the underlying removal order, that Petitioner has failed to demonstrate prejudice from the alleged due process violation, and that the alleged problems with the administrative record do not require a remand.

## II.    DISCUSSION

### A.    Jurisdiction

We have jurisdiction to review the reinstatement order under INA § 242, 8 U.S.C. § 1252. *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003). We do not, however, have jurisdiction to review the underlying deportation order. As set forth in INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date *and is not subject to being reopened or reviewed . . . .*" (emphasis added). Based on the plain

language of the statute, we conclude, as have the other circuits to consider this issue, that our jurisdiction is limited to considering whether the reinstatement order was properly entered—we cannot consider the propriety of the underlying removal order. *See Avila-Macias v. Ashcroft*, 328 F.3d 108, 115 (3d Cir. 2003); *Smith v. Ashcroft*, 295 F.3d 425, 429 n.2 (4th Cir. 2002); *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002); *Gomez-Chavez v. Perryman*, 308 F.3d 796, 801 (7th Cir. 2002); *Briones-Sanchez v. Heinauer*, 319 F.3d 324, 327 (8th Cir. 2003); *Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir. 2003).

In so holding, we reject Petitioner's argument that *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), requires review of the original order of removal because "[a]n illegal or unconstitutional prior order of removal cannot, within the confines of due process, provide a prerequisite for deprivation of a fundamental liberty interest." Aplt. Br. at 14. In *Mendoza-Lopez* the Supreme Court held that "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." 481 U.S. at 838. Thus, "[d]epriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation

-5-

proceeding is used to establish an element of a criminal offense." *Id.* at 839. The Court specifically noted, however, that this rule would "not create an opportunity for aliens to delay deportation, since the collateral challenge we recognize . . . is available only in criminal proceedings instituted after reentry." *Id.* at n.17. Accordingly, *Mendoza-Lopez* provides no help to Petitioner. *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1173 (9th Cir. 2001).

We therefore cannot consider Petitioner's challenge to the underlying order of removal or his argument that the setting aside of the state conviction eliminated any basis for the removal.

## B. Due Process

Petitioner seeks reversal of the reinstatement of his order of removal because "the reinstatement process of INA § 241(a)(5), as implemented by the INS and applied to [him], violates procedural due process by summarily subjecting him to removal on the basis of an evaluation by an INS agent, with no opportunity for a hearing." Aplt. Br. at 18. We reject the argument because Petitioner cannot demonstrate any prejudice from the alleged due process violation.

A prior order of removal is properly reinstated when an immigration officer determines that (1) "the alien has been subject to a prior order of removal"; (2) "the alien is in fact an alien who was previously removed"; and (3) "the alien

unlawfully reentered the United States." 8 C.F.R. § 241.8. Petitioner does not contest that he meets these criteria. Had Petitioner been afforded additional process, the result would have been no different—the prior order of removal would have been reinstated. In the absence of prejudice, Petitioner is not entitled to relief. *See Duran-Hernandez*, 348 F.3d at 1162-63.

## C. The Administrative Record

Petitioner contends that there are irregularities in the Certified Administrative Record which are serious enough to require a remand to the agency for further proceedings. His opening brief, however, fails to point to any prejudice he has suffered as a result of the alleged irregularities. There is therefore no cause for a remand.

## III. CONCLUSION

We AFFIRM the decision of the INS. We GRANT Petitioner's Motion to Supplement the Record with respect to his Form I-601, which should have been part of the administrative record, but DENY the motion with respect to the state-court records.