# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1562

_____

Myrna Gregoria Ochoa-Carrillo,     *
    *
        Petitioner,     *
    *
      v.     *   Petition for a Writ of Habeas
    *   Corpus and Stay of Removal.
Alberto Gonzales, Attorney General     *
of the United States, et al.,     *
    *
        Respondents.     *

_____

Submitted: April 18, 2006
Filed: May 1, 2006

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

When the Bureau of Immigration and Customs Enforcement reinstated a prior order of removal pursuant to 8 U.S.C. § 1231(a)(5), Myrna Ochoa-Carrillo filed a petition for judicial review in this court and a petition for a writ of habeas corpus in the Western District of Missouri. We denied the petition for review and urged the district court to transfer the habeas petition to this court pursuant to Section 106(c) of the REAL ID Act of 2005, Pub. L. 109-13, Div. B, Tit. I. See Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 846 n.5, 848 (8th Cir. 2006). Ochoa-Carrillo argues that the transfer was improper. We disagree and accordingly dismiss the habeas petition.

Section 106 was enacted to reduce overlapping judicial review and habeas corpus jurisdiction created by the decision in INS v. St. Cyr, 533 U.S. 289 (2001). See Grass v. Gonzales, 418 F.3d 876, 878 (8th Cir. 2005), cert. denied, 2006 U.S. LEXIS 3133 (2006). Section 106 amended the Immigration and Nationality Act to provide that "a petition for review filed with an appropriate court of appeals shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, *except as provided in subsection (e)*." 8 U.S.C. § 1252(a)(5) (emphasis added). Subsection 1252(e)(2) authorizes limited habeas corpus review of expedited removal orders issued under 8 U.S.C. § 1225(b)(1). Ochoa-Carrillo's removal order was issued pursuant to § 1225(b)(1). Therefore, she argues, she is eligible for habeas review under § 1252(e)(2), and we erred in urging the district court to transfer her habeas petition to this court.

The flaw in this contention is that it improperly equates the initial removal order issued under § 1225(b)(1) with the order reinstating that removal order issued under § 1231(a)(5). Section 1231(a)(5) provides for an expedited reinstatement proceeding in which the "prior order of removal . . . is not subject to being reopened or reviewed." This means that the limited habeas review of removal orders issued under § 1225(b)(1) that is authorized by § 1252(e)(2) may not be conducted in a § 1231(a)(5) reinstatement proceeding. That explains why § 1231(a)(5) reinstatement proceedings were excluded from the § 1252(e)(2) exception. Thus, judicial review in the appropriate court of appeals is the "sole and exclusive" means to review a § 1231(a)(5) order reinstating a prior removal order, and § 106(c) of the REAL ID Act mandated the transfer of Ochoa-Carrillo's habeas petition to this court.

Section 106(c) provides that, when a habeas case is transferred, we "shall treat the transferred case as if it had been filed pursuant to a petition for review" under 8 U.S.C. § 1252. We have previously reviewed Ochoa-Carrillo's reinstatement order. Accordingly, this habeas petition must now be dismissed.

_____