**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ADRIANA LORENZO,

      Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,[*]

      Respondent.

No. 06-9505

---

**PETITION FOR REVIEW OF AN ORDER OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**(Lead Agency Case No. A77 225 232)**

---

Submitted on the briefs:[**]

Hakeem Ishola, Salt Lake City, Utah, and J. Christopher Keen and Edward L. Carter, Orem, Utah, for Petitioner.

Stephen J. Flynn, Senior Litigation Counsel, and Mary Jane Candaux, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

[*] In accordance with Fed. R. App. P. 43(c)(2), Michael B. Mukasey is substituted for Alberto R. Gonzales as the Respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Petitioner Adriana Lorenzo seeks review of the Department of Homeland Security's (DHS) January 2006 reinstatement order, which revived a November 1998 order removing her from the United States. First, Lorenzo claims the original 1998 removal order was legally defective and thus not subject to reinstatement. Second, Lorenzo alleges DHS, in reinstating her prior order of removal, failed to comply with 8 C.F.R. § 241.8, which provides the procedure for reinstating removal orders under the Immigration and Nationality Act (INA). Third, Lorenzo argues the procedure established by 8 C.F.R. § 241.8(a) fails to comport with both 8 U.S.C. § 1229a(a)(1) and the Due Process Clause of the Fifth Amendment. See U.S. Const. amend. V. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

I.

Petitioner, a citizen of Mexico, attempted to enter the United States on November 19, 1998 by presenting a green card, under the name Hortencia Perez-Cortez, to an immigration officer at a California port of entry. Immigration officials determined Lorenzo's green card was not genuine, in violation of 8 U.S.C. § 1182(a)(6)(C)(i). Accordingly, officials summarily deported her under 8 U.S.C. § 1225(b)(1). Shortly thereafter, Lorenzo reentered the United States. Petitioner claims she passed through an official point of entry in the back

2

seat of a car, without immigration officials examining or questioning her documentation.

Immigration officials' next encounter with Lorenzo occurred in 2006 after her husband, an American citizen, submitted a Petition for Alien Relative.[1]  A fingerprint comparison showed that immigration officials had previously removed Lorenzo from the United States.  Petitioner admitted she had previously used the name Adriana Esparza-Jimenez and that immigration officials had removed her from the country in 1998.  After a review of three DHS computer databases and Lorenzo's immigration file confirmed her statements, DHS denied Lorenzo's Application to Register Permanent Residence or Adjust Status.  Instead, DHS determined Lorenzo was subject to removal under 8 U.S.C. § 1182(a)(9)(A)(i).  DHS issued a Notice of Intent to reinstate Lorenzo's prior removal order under 8 U.S.C. §1231(a)(5).  Petitioner did not contest the agency's findings.  DHS then issued an order reinstating Lorenzo's prior deportation order in January 2006.  This timely petition for review followed.

## II.

At the outset, we examine our jurisdiction to review Petitioner's claims.  We must

---

[1] DHS approved this Petition for Alien Relative (PAR).  A PAR is filed by a U.S. citizen or lawful permanent resident to establish his or her relationship to an alien relative who wishes to immigrate to the United States.  Approval of a PAR is the "first step in helping a relative immigrate to the United States.  Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident."  U.S. Citizenship and Immigration Services,
http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?v gnextoid=c67c7f9ded54d010VgnVCM10000048f3d6a1RCRD.

carefully consider our jurisdiction to review Petitioner's first claim related to the underlying

1998 removal order. Our pre-REAL ID Act precedent held that 8 U.S.C. § 1231(a)(5)

universally precluded our review of underlying removal orders.[2] See Garcia-Marrufo v.

Ashcroft, 376 F.3d 1061, 1063-64 (10th Cir. 2004). The REAL ID Act of 2005's addition

of 8 U.S.C. § 1252(a)(2)(D) to the INA, however, alters our prior holding. Under

§ 1252(a)(2)(D), only the jurisdictional limitations found in § 1252 – excepting those in

§ 1252(a)(2)(B) & (C), which are inapplicable here – apply generally to our review of

"constitutional claims or questions of law."[3] See Ballesteros v. Ashcroft, 452 F.3d 1153,

1157 (10th Cir. 2006) ("[U]nless another subparagraph of § 1252 precludes review of . . .

claims that raise either constitutional or legal questions, we . . . have jurisdiction to review

those claims."). Because § 1231(a)(5)'s jurisdictional limitation is clearly outside the scope

of § 1252, we may no longer categorically hold that we lack jurisdiction to review

constitutional and statutory claims related to *all* underlying removal orders. See Ramirez-

Molina v. Ziglar, 436 F.3d 508, 513-14 (5th Cir. 2006) (holding that § 1252(a)(2)(D)

"prevents" the operation of § 1231(a)(5) in cases in which "an underlying order is questioned

---

[2] Section 1231(a)(5) states that if, after a prior removal, the Attorney General finds an alien has reentered the United States illegally "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

[3] Section 1252(a)(2)(D) provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review [*i.e.*, 8 U.S.C. § 1231(a)(5)], shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

4

on constitutional or legal grounds"); accord Debeato v. Att'y Gen. of the United States, No. 05-3235, 2007 WL 2916150, at *2-3 (3d Cir. 2007) (adopting the Fifth Circuit's reasoning in Ramirez-Molina).

Unfortunately, this modification of the INA and our precedent does not aid Petitioner. Section 1252(a)(2)(D) preserves § 1252(a)(2)(A). Section 1252(a)(2)(A) provides that "no court shall have jurisdiction to review" orders of removal entered under 8 U.S.C. § 1225(b)(1), "except as provided in subsection (e) of this section." The avenues for review provided by § 1252(e) are strictly limited and do not apply here. See Ochoa-Carrillo v. Gonzales, 446 F.3d 781, 782 (8th Cir. 2006) (explaining that "the limited habeas review of removal orders issued under § 1225(b)(1) that is authorized by § 1252(e)(2) may not be conducted in a § 1231(a)(5) reinstatement proceeding"). Petitioner's 1998 removal order was issued pursuant to § 1225(b)(1). As a result, we lack jurisdiction to review any constitutional or statutory claims related to the underlying removal order in this case.[4]

We next consider our jurisdiction to review Petitioner's second and third claims relating to the 2006 reinstatement order. Prior to the enactment of the REAL ID Act of 2005, we held that a reinstatement order is a "final order of removal" reviewable under 8 U.S.C. § 1252(a)(1). See Berrum-Garcia v. Comfort, 390 F.3d 1158, 1162 (10th Cir. 2004); Garcia-

---

[4] We note that 8 U.S.C. § 1252(b)(1)'s requirement that a petition for review be filed "not later than 30 days after the date of the final order of removal" also survived the enactment of 8 U.S.C. §1252(a)(2)(D). See Nahatchevska v. Ashcroft, 317 F.3d 1226, 1227 (10th Cir. 2003) ("The filing of a timely petition for review is mandatory and jurisdictional and is not subject to equitable tolling.").

Marrufo v. Ashcroft, 376 F.3d 1061, 1063 (10th Cir. 2004); Duran-Hernandez v. Ashcroft, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003). The REAL ID Act's modification of the INA confirms our previous holding and dispels any lingering doubts as to our jurisdiction to review reinstatement orders. See Duran-Hernandez, 348 F.3d at 1162 n.3. Because the jurisdictional limitations found in 8 U.S.C. § 1231(a)(5) are outside the scope of § 1252, § 1252(a)(2)(D)'s jurisdiction saving provision clearly applies. See Ballesteros, 452 F.3d at 1157; see also Debeato, 2007 WL 2916150, at *2-3; Ramirez-Molina, 436 F.3d at 513-14. In enacting § 1252(a)(2)(D), Congress clearly provided for our review of "constitutional claims or questions of law" related to reinstatement orders. We have construed § 1252(a)(2)(D)'s "constitutional claims or questions of law" language to reach "those issues that were historically reviewable on habeas," namely "constitutional and statutory-construction questions, not discretionary or factual questions." Diallo v. Gonzales, 447 F.3d 1274, 1281-82 (10th Cir. 2006). Petitioner's allegations relating to the 2006 reinstatement order touch upon matters of constitutional law and statutory construction. We, therefore, have jurisdiction to review these claims under 8 U.S.C. § 1252(a)(2)(D).

III.

Although petitions for review have replaced habeas petitions, in the context of orders of removal, our standard of review remains the same. See Silva-Rengifo v. Att'y Gen. of the United States, 473 F.3d 58, 63 (3d Cir. 2007). We review constitutional and legal questions de novo. Id.; Fernandez-Vargas v. Ashcroft, 394 F.3d 881, 884 (10th Cir. 2005). We give deference to the DHS's reasonable interpretation of the statutes it is charged with

6

administering.  Fernandez-Vargas, 394 F.3d at 884.

A.

Petitioner's second claim is that DHS, in reinstating her prior order of removal, failed to comply with the procedure set forth in 8 C.F.R. § 241.8(a).  8 C.F.R. § 241.8(a) requires DHS to make three findings in support of a reinstatement order: 1) the alien is subject to a prior removal order, 2) the alien is, in fact, the alien who was previously removed, and 3) the alien unlawfully reentered the United States.  In regard to the first and second findings, Petitioner alleges the occasional use of the pronoun "he" in the report describing her initial removal calls into question whether she, or some unknown male, was the subject of the initial 1998 removal order.  This argument, predicated on what is clearly a typographical error, cannot prevail.  DHS established Petitioner's identity through her photograph and fingerprints, as well as her statements to immigration officials.  The agency, therefore, clearly made the required findings that Petitioner was the subject of a prior deportation order and that she was, in fact, previously removed from the United States.

Regarding the third finding, Petitioner argues immigration officials failed to establish that she was illegally in the United States.  This argument has no merit.  Petitioner's allegation that she reentered the United States in the back of a car, without immigration officials questioning her right to enter, fails to amount to a claim that she entered the country legally.  8 U.S.C. § 1182(a)(7)(A)(i)(I) states that aliens entering the United States without proper documentation are "inadmissible."  Furthermore, 8 U.S.C. § 1182(a)(9)(A)(i), precludes an alien removed under 8 U.S.C. § 1225(b)(1) from gaining lawful admission to

7

the United States for a period of five years. Petitioner, by her own admission, reentered the United States in November 1998, the month of her initial removal. Because immigration officials issued her underlying removal order under 8 U.S.C. § 1225(b)(1), Petitioner could not have reentered the country legally at this time. DHS's search of three computer databases and Petitioner's immigration file clearly established she never received authorization to reenter the United States. We reject Petitioner's second claim.

B.

Petitioner's third claim is that the procedure the Attorney General set forth in 8 C.F.R. § 241.8 to govern the reinstatement of removal orders contravenes 8 U.S.C. § 1229a(a)(1) and the Due Process Clause of the Fifth Amendment. Section 1229a(a)(1), states that, "[i]n general," an "immigration judge shall conduct proceedings for deciding the . . . deportability of an alien." See also 8 U.S.C. § 1229a(a)(3) (stating that generally "a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States"). On the other hand, 8 U.S.C. § 1231(a)(5) provides that once the Attorney General determines an alien has reentered the United States illegally, after a previous removal, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed . . . and the alien shall be removed under the prior order at any time after the reentry."

Section 1231(a)(5) suggests that the procedures set forth in § 1229a are inapplicable to the reinstatement of removal orders. As a result, immigration officers, rather than immigration judges, make reinstatement determinations. Compare 8 C.F.R. § 241.8

8

(interpreting § 1231(a)(5) to allow "immigration officer[s]" to make reinstatement determinations), with § 1229a(a)(1) (stating that deportation proceedings are generally to be conducted by immigration judges).  At best, this conflict between § 1229a and § 1231(a)(5) renders the INA ambiguous.  See De Sandoval v. United States Att'y Gen., 440 F.3d 1276, 1280-83 (11th Cir. 2006) (joining the First and Eighth Circuits in concluding that the INA is ambiguous).  In cases of statutory ambiguity, we defer to any reasonable interpretation given to the statute by the agency charged with administering its terms.  INS v. Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999); Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).

Section 241.8 of the Attorney General's regulations implements 8 U.S.C. § 1231(a)(5).  Three clear indications exist that 8 C.F.R. § 241.8 is a reasonable interpretation of the INA.  First, 8 U.S.C. § 1229a(a)(1) states that, "[i]n general," immigration judges shall conduct deportation proceedings.  This language simply states a general rule, which leaves ample room for exceptions.  Second, the INA makes a clear distinction between "[r]emoval proceedings," discussed in 8 U.S.C. § 1229a, and "[r]einstatement of removal orders," discussed in 8 U.S.C. § 1231(a)(5).  Third, the language of 8 U.S.C. § 1231(a)(5), which specifically governs the reinstatement of removal orders, assumes the use of summary, rather than judicial, proceedings.  We, therefore, join our sister circuits in upholding 8 C.F.R. § 241.8 as a valid interpretation of the INA.  See Morales-Izquierdo v. Gonzales, 486 F.3d 484, 495 (9th Cir. 2007) (en banc); De Sandoval, 440 F.3d 1276, 1281-83 (11th Cir. 2006); Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 846 (8th Cir. 2006); Lattab v. Ashcroft, 384 F.3d

9

8, 17-20 (1st Cir. 2004).

Petitioner also claims the procedure established by 8 C.F.R. § 241.8 for the reinstatement of removal orders violates her right to procedural due process. To establish a due process claim in this context, Petitioner must demonstrate she suffered prejudice as a result of DHS's reinstatement procedure. See Berrum-Garcia, 390 F.3d at 1165; Garcia-Marrufo, 376 F.3d at 1064; Duran-Hernandez, 348 F.3d at 1162. We note that § 241.8 provides sufficient process to withstand a facial attack on its validity. See Morales-Izquierdo, 486 F.3d at 496. "Because the risk of error is so low, any additional or substitute procedural safeguards . . . would produce marginal protections, if any, against erroneous determinations, while the cost in terms of resources and delay would be substantial." Id.

In this case, Petitioner admitted that immigration officials removed her from this country in November 1998. She admittedly reentered the United States, without proper authorization, shortly thereafter. As we have explained, Petitioner could not have entered the United States legally at this time. Petitioner was unquestionably removable under 8 C.F.R. § 241.8 and 8 U.S.C. § 1231(a)(5). Given these facts, Petitioner cannot show DHS's reinstatement procedures caused her prejudice. Cf. Berrum-Garcia, 390 F.3d at 1165. We, therefore, reject petitioner's third claim.

PETITION DENIED.