**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID S. UMOH,

Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 07-9523
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

David S. Umoh seeks review of a final order of removal by the Board of

Immigration Appeals (BIA or Board), affirming an immigration judge's (IJ)

denial of his applications for adjustment of status and waiver of inadmissibility

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument and Petitioner's Motion to
Amend Request for Oral Argument is DENIED. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 8 U.S.C. §§ 1255(a) and 1182(h).  We dismiss in part and deny in part his petition for review.

### *Background*

Mr. Umoh is a native and citizen of Nigeria.  He entered the United States as a non-immigrant visitor, with authorization to remain in this country until the expiration of his student status.  He admits that he overstayed his visa as of January 1990.  He was served with a notice to appear in August 2001, charged with being removable on several different grounds.  At a hearing before an IJ, he presented evidence in support of his applications for adjustment of status and waiver of inadmissibility.  The IJ found that he was removable based on his prior convictions for crimes involving moral turpitude (CIMT) and an aggravated felony.[1]  The IJ also found that he had established eligibility for a waiver of inadmissibility, by showing that his removal would result in extreme hardship to his qualifying relatives.  But the IJ ultimately denied that relief as a matter of discretion.

Mr. Umoh appealed the IJ's discretionary denial of a waiver of inadmissibility to the BIA, which dismissed the appeal, indicating agreement with

---

[1]    The IJ found that Mr. Umoh's CIMT convictions made him inadmissible and therefore ineligible for adjustment of status.  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I); 8 U.S.C. § 1255(a) (listing admissibility as one requirement for adjustment of status).  Mr. Umoh does not dispute that, in order to be granted adjustment of status, he must obtain a waiver of inadmissibility under § 1182(h).

the IJ "that very serious adverse factors militate against a favorable exercise of discretion in this case." Admin. R. at 70. Specifically, the BIA noted as adverse factors Mr. Umoh's multiple convictions for tax fraud and his felony conviction for possession of a firearm, finding that these convictions were inherently serious. The Board also considered his failure to take responsibility for his crimes, his other frequent contacts with the criminal justice system, and his lack of value to the community. The BIA took note of Mr. Umoh's favorable equities, specifically the hardship his family will likely experience if he is removed. Ultimately, however, the Board found that Mr. Umoh's equities were "substantial but not extraordinary," *id.* at 71, and that they did not outweigh his adverse considerations. Mr. Umoh filed this petition for review.[2]

### *Jurisdiction*

Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252(a), but it is not unlimited and several exceptions are applicable here. First, we are precluded from reviewing the agency's denial of a waiver of inadmissibility. *See* § 1182(h)(2) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this

---

[2]     Mr. Umoh also addresses the BIA's denial of his motion for reconsideration in his opening brief. Because he failed to file a separate petition for review, we do not have jurisdiction to review that decision. *See Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003) (holding court precluded from reviewing denial of motion for reconsideration where petitioner did not separately seek review of that decision).

subsection."); § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review

. . . any judgment regarding the granting of relief under section 1182(h) . . . ."). In addition, we lack jurisdiction where, as here, the petitioner is removable based upon an aggravated felony conviction.[3] *See* § 1252(a)(2)(C) (precluding judicial review of final order against alien removable based on aggravated felony conviction, per 8 U.S.C. § 1227(a)(2)(A)(iii)).

Despite these statutory proscriptions, we have jurisdiction to review "constitutional claims or questions of law" raised in Mr. Umoh's petition for review. § 1252(a)(2)(D). He lists the following claims of error in his opening brief: (1) the IJ and BIA impermissibly considered police reports and arrest records that did not result in criminal convictions; (2) the BIA ignored evidence in the record that compels a conclusion in favor of granting relief; (3) the BIA's findings and denial of relief are not supported by substantial evidence; (4) the BIA applied an incorrect standard in deciding whether he showed hardship under § 1182(h)(1)(B); and (5) he was denied due process based on the evidence, or lack thereof, in the record. The government contends that none of these issues raises a constitutional claim or question of law and that the entire petition should

---

[3]     Mr. Umoh concedes that he is removable as an aggravated felon.

therefore be dismissed for lack of jurisdiction.[4] But we conclude that two of Mr. Umoh's issues fall within the jurisdictional grant of § 1252(a)(2)(D).

First, although we may review "questions of law," we have construed that term to include only "a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (quotation omitted). Mr. Umoh's contention that the BIA applied the wrong standard in determining the extent of hardship to his family under § 1182(h)(1)(B) raises a question of statutory construction and we have jurisdiction to determine "whether the BIA applied the correct legal standard in making its determination." *Brue v. Gonzales*, 464 F.3d 1227, 1232 (10th Cir. 2006). We also have jurisdiction to review his constitutional claim regarding the agency's consideration of police reports and arrest records that did not result in convictions. *See Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005) (reviewing due process claim regarding agency's consideration of conduct not resulting in conviction as factor in denial of § 1182(h) relief).

---

[4] Arguing that the petition should be dismissed because no constitutional or legal error occurred, the government appears to confuse the issue whether Mr. Umoh has raised a constitutional claim or question of law with whether his claims have merit. We do not determine our jurisdiction to review a claim based upon its merit, or lack thereof. *See Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1156 (10th Cir. 2007) ("It is well settled that we can only address the underlying merits of a lawsuit if it meets the requirements for appellate jurisdiction . . . ." (quotation omitted)).

But we dismiss Mr. Umoh's petition for review with respect to the remainder of his issues, which do not raise either constitutional claims or questions of law. His primary contention is that the BIA's decision is not supported by substantial evidence. He asserts more specifically that the BIA ignored evidence regarding his value to the community and erred in concluding that he did not take responsibility for his criminal convictions. Although he characterizes these as due process issues, we conclude that they fail to raise a constitutional claim. Aside from the label, he makes no attempt to tie his claims of factual and discretionary error to the Due Process Clause. Instead, he simply asks this court to re-weigh the evidence and reverse the BIA's discretionary determination. Such "challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." *Diallo*, 447 F.3d at 1281; *accord Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § 125[2](a)(2)(D)."); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) (holding no jurisdiction to review claim that agency failed to properly weigh equities and hardship before denying adjustment of status, despite re-characterization as due process claim); *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (holding no jurisdiction to review IJ's discretionary denial of waiver of inadmissibility,

-6-

despite petitioner's "cloaking an abuse of discretion argument in constitutional garb"); *Mehilli v. Gonzales*, 433 F.3d 86, 94 (1st Cir. 2005) (holding argument that IJ incorrectly weighed and ignored evidence not properly viewed as constitutional challenge).

### *Standard of Review*

We review Mr. Umoh's constitutional claim and question of law de novo. *See Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007). Because a single member of the BIA affirmed the IJ's decision in a brief order, *see* 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the decision of the IJ, *see Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

### *Discussion*

Mr. Umoh contends that the BIA misapplied the statutory standard in determining the extent of hardship to his family under § 1182(h)(1)(B) if he were removed. He notes that under that section he is eligible for discretionary relief if the Attorney General concludes that "denial of admission would result in *extreme hardship* to [his] United States citizen or lawfully resident spouse, parent, son, or daughter." § 1182(h)(1)(B) (emphasis added). He argues that the BIA failed to apply this standard when it concluded that his favorable equities were "substantial but not extraordinary." Admin. R. at 71. He asserts that the BIA erred in requiring him to show "extraordinary" hardship, which he claims is a higher standard than "extreme" hardship.

Mr. Umoh's contention has no merit. As he acknowledges, in order to be granted a waiver of inadmissibility, he was required to demonstrate first that his removal would result in extreme hardship to his family members, and second, that he merited a waiver in the exercise of discretion. *See* § 1182(h)(1)(B) & (2); *cf. Schroeck*, 429 F.3d at 949 ("Although adjustment of status and a waiver of inadmissibility both have certain prerequisites that must be met, both forms of relief are matters ultimately left to the agency's discretion to decide."). The IJ found that Mr. Umoh's children would suffer extreme hardship if he was removed from the United States, but ultimately denied a waiver of inadmissibility in the exercise of discretion, based on his "very serious" and "numerous" adverse factors. Admin. R. at 156. Mr. Umoh then appealed the IJ's exercise of discretion, which the BIA reviewed de novo. *See id.* at 70 ("The question on appeal is whether the respondent has demonstrated that he merits a . . . waiver in the exercise of discretion, a matter which this Board reviews *de novo*."). The BIA concluded that his substantial but not extraordinary equities failed to outweigh his adverse factors. It did not, as Mr. Umoh contends, revisit the IJ's "extreme hardship" finding, applying a different standard. We therefore reject his claim of legal error.

Mr. Umoh also contends that the BIA violated his due process rights by considering evidence contained in police reports and arrest records that did not result in criminal convictions. We rejected a similar claim in *Schroeck*, 429 F.3d

at 951-52, where the petitioner asserted that his due process rights were violated when the BIA considered, as one adverse factor weighing against him, his conduct not resulting in a conviction. We held,

> Petitioner's constitutional arguments are without merit because they are based on mistaken premises. Removal proceedings are civil in nature, and the extensive constitutional safeguards attending criminal proceedings do not apply. Rather, the procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States. An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Therefore, when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner.

*Id.* (citations and quotations omitted). Like the petitioner in *Schroeck*, Mr. Umoh has not argued that he did not have a fair opportunity to present his case. *See id.* We conclude that he has failed to show a constitutional violation by the BIA.

### *Conclusion*

Mr. Umoh's petition for review is DISMISSED in part for lack of jurisdiction. The remainder of the petition is DENIED.

Entered for the Court


Wade Brorby
Senior Circuit Judge