FILED
United States Court of Appeals
Tenth Circuit

December 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOEL RUELAS-RIOS,

           Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

           Respondent.

No. 11-9523
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**EBEL**, Circuit Judge.

---

Joel Ruelas-Rios petitions for review of the Department of Homeland

Security's (DHS) March 1, 2011, order reinstating his prior removal order under

8 U.S.C. § 1231(a)(5). We deny the petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Mr. Ruelas-Rios is a native and citizen of Mexico. He applied for admission to the United States on March 13, 1998, by falsely representing himself as a lawful permanent resident of the United States. On that date Mr. Ruelas-Rios presented another person's valid Resident Alien Card at the border.

The former Immigration and Naturalization Service determined that he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who, by fraud or willfully representing a material fact, sought to procure admission to the United States. Mr. Ruelas-Rios was removed from the United States the same day, March 13, 1998, under the expedited removal procedures in 8 U.S.C. § 1225(b)(1). He departed the United States after signing a form warning him that he was prohibited from entering, attempting to enter, or being in the United States for a period of five years from the date of his removal, as a consequence of having been found inadmissible as an arriving alien.

On February 24, 2011, Mr. Ruelas-Rios was detained in Wichita, Kansas, as he was attempting to enter McConnell Air Force Base to perform work as a contractor. An agent with Immigration and Customs Enforcement interviewed Mr. Ruelas-Rios, asking him if he was legally present in the United States. He replied "no." Admin. R. at 16. The agent determined that Mr. Ruelas-Rios had been previously removed from the United States and also obtained evidence that he had received traffic citations in Wichita in 1999 and 2000.

DHS issued Mr. Ruelas-Rios notice of its intent to reinstate his prior removal order, on the basis that he was removable under 8 U.S.C. § 1231(a)(5) as an alien who illegally reentered the United States after having been previously removed on March 13, 1998. The notice further informed him that he could contest DHS's determination by making a written or oral statement to an immigration officer. Mr. Ruelas-Rios, who was represented by counsel, declined to make any statement. After reviewing all the available evidence, an immigration officer determined on March 1, 2011, that he was subject to removal through reinstatement of his prior removal order.

Mr. Ruelas-Rios petitions for review of DHS's reinstatement order, raising a single contention: whether reinstatement of a prior removal order, without providing the alien a hearing before an immigration judge, is a violation of due process when the alien was also denied a hearing in connection with the prior removal order and has been in the United States for an extended period of time.

## II.

"[W]e have jurisdiction to hear petitions for direct review of reinstatement orders under 8 U.S.C. § 1252 . . . ." *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003). We review constitutional claims de novo. *Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007).

Section 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

The implementing regulation requires an immigration officer to make three determinations in establishing whether an alien is subject to reinstatement of a removal order: (1) whether the alien was subject to a prior removal order; (2) whether the alien is the person who was previously removed; and (3) whether the alien illegally reentered the United States. *See* 8 C.F.R. § 241.8(a).

Mr. Ruelas-Rios acknowledges our previous holding in *Lorenzo* "that § 241.8 provides sufficient process to withstand a facial attack on its validity." 508 F.3d at 1284. We reasoned that, "[b]ecause the risk of error is so low, any additional or substitute procedural safeguards would produce marginal protections, if any, against erroneous determinations, while the cost in terms of resources and delay would be substantial." *Id.* (quotation and ellipsis omitted). But Mr. Ruelas-Rios contends that *Lorenzo* did not address the due process argument he raises. He emphasizes that, under the terms of the applicable statutes and regulations, he was denied a hearing both in March 1998 in connection with his previous removal and in February 2011 in connection with the reinstatement of his prior removal order. *See* 8 U.S.C. § 1225(b)(1)(A)(i) (providing for

-4-

removal determination by immigration officer "without further hearing or review" unless alien indicates intent to apply for asylum or a fear of persecution); 8 C.F.R. § 241.8(a) (providing "alien has no right to a hearing before an immigration judge" in reinstatement proceeding). Mr. Ruelas-Rios contends that, under these circumstance, and "[a]s someone who has been on United States soil for an extended period of time, whether lawfully or unlawfully, with [] strong family ties to United States citizens, . . . at least once[] he should have been afforded the right to a hearing before an immigration law judge." Aplt. Opening Br. at 3. He is correct that we did not consider this precise claim in *Lorenzo*.

To establish a due process violation, however, Mr. Ruelas-Rios must demonstrate that he suffered prejudice as a result of the denial of a hearing before an immigration judge. He contends that, had he been allowed the opportunity to proffer evidence, he would have noted that he is married to a United States citizen and that he has five children who are also United States citizens. But he fails to explain how his wife's and his children's status as United States citizens would have affected DHS's determination of any of the facts relevant to his eligibility for removal under § 241.8 as an alien who illegally reentered the United States after a previous removal.

Mr. Ruelas-Rios also appears to contend that a hearing would have permitted him to establish where and when he last entered the United States, in order to rebut the immigration officer's conclusion that he reentered the United

States during the five-year exclusionary period. *See* Aplt. Opening Br. at 19 ("All that is certain is that the petitioner was arrested nearly a decade after the end of the exclusionary period, and more than a decade after he was turned back at the border and that he was never afforded even one bite of the apple.").[1] His argument ignores that he was offered the opportunity to proffer such evidence. The regulatory procedure permitted him to contest the initial determination that he was eligible for reinstatement by submitting a written or oral statement. Section 241.8(b) provides:

> The officer shall advise the alien that he or she may make a written or oral statement contesting the determination. If the alien wishes to make such a statement, the officer shall allow the alien to do so and shall consider whether the alien's statement warrants reconsideration of the determination.

As to the question of illegal reentry, the regulation provides further that "the officer shall consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession." 8 C.F.R. § 241.8(a)(3). Mr. Ruelas-Rios declined to exercise his right to submit any kind of statement.

In *Duran-Hernandez*, we rejected a petitioner's due process claim because he failed to show that he suffered prejudice as a result of the reinstatement procedures. *See* 348 F.3d at 1163. We reasoned that, where the alien does not

---

[1]     Mr. Ruelas-Rios does not elaborate on the evidence he would have presented at a hearing with regard to his latest reentry. He does represent in his brief that he "has been on United States soil for an extended period of time." Aplt. Opening Brief at 3.

contest any of the facts found by the immigration officer under § 241.8(a), he cannot prove that additional procedural safeguards would have changed the result of his case. *See id.* Here Mr. Ruelas-Rios did not contest DHS's determination that he was subject to a prior removal order and had illegally reentered the United States. Nor does he challenge DHS's factual determinations on appeal.[2] We cannot see how Mr. Ruelas-Rios can now claim that the denial of a right to a hearing before an immigration judge prevented him from presenting his evidence when he made no attempt to do so before the immigration officer. *See Miller v. Mukasey*, 539 F.3d 159, 164 (2d Cir. 2008). "For the purposes of determining whether a due process violation has occurred . . ., we see no meaningful difference between conceding the predicate facts, on the one hand, and choosing not to contest them, on the other. In both cases, the petitioner cannot show that the reinstatement procedure has caused him any prejudice . . . ." *Id.*

### III.

Because Mr. Ruelas-Rios has failed to establish any prejudice as a result of not being afforded a hearing before an immigration judge, his due process claim

---

[2]   Mr. Ruelas-Rios's brief plainly raises only his due process claim. We do not read his brief as challenging DHS's determination that he reentered the country illegally, either based on the evidence that was before the immigration officer, or in light of some contrary evidence to which he merely alludes.

fails.  *See Duran-Hernandez*, 348 F.3d at 1162-63.  The petition for review is therefore DENIED.

<div style="margin-left: 50%;">

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

</div>