**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NORMA GURROLA ONTIVEROS,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9529
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Norma Gurrola Ontiveros petitions for review of the Board of Immigration

Appeals' denial of her application for relief from removal. She challenges the BIA's

affirmance of an immigration judge's holding that she failed to demonstrate she was

not married at common law on June 8, 1992—a determination which, as we explain

below, makes Petitioner ineligible for adjustment of status.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because Petitioner is a criminal alien, we have jurisdiction to review her contentions only to the extent that she raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We dismiss her petition for lack of jurisdiction because Petitioner's claims either aren't reviewable under § 1252(a)(2)(D) or she failed to exhaust them before the BIA, *see id.* § 1252(d)(1).

## I.    Background

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1986. She was convicted in Colorado state court in 1997 of criminal attempt to commit trafficking in food stamps. In 2010, the Department of Homeland Security served Petitioner with a notice to appear seeking her removal[1] as an alien (1) present in the United States without being admitted or paroled and (2) convicted of a crime involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(2)(A)(i)(I). Having admitted the factual allegations in the notice to appear and conceded removability, she sought relief from removal. She applied for adjustment of status to lawful permanent resident under 8 U.S.C. § 1255, based upon a visa petition filed on her behalf in 2009 by one of her daughters, who is a United States citizen.[2]

---

[1] Petitioner had previously applied to United States Citizenship and Immigration Services for adjustment of status and a waiver of inadmissibility. After USCIS denied her application, DHS commenced these removal proceedings.

[2] Petitioner also applied for a waiver of her inadmissibility resulting from her Colorado conviction. *See* 8 U.S.C. § 1182(h) (permitting the Attorney General to waive inadmissibility for aliens convicted of crimes of moral turpitude).

An alien ordinarily must have been "inspected and admitted or paroled into the United States" to adjust her status under § 1255. *Id.* § 1255(a). Because Petitioner entered the United States without inspection, she relies on an exception to this requirement, claiming eligibility as an alien who, among other conditions, is the beneficiary of a visa petition that was filed with the Attorney General on or before April 30, 2001. *See id.* § 1255(i)(1)(B)(i). A qualifying visa petition serves to "grandfather" the alien beneficiary's ability to apply for adjustment of status, but it must have been properly filed on or before the statutory deadline and "approvable when filed." 8 C.F.R. § 1245.10(a)(1)(i)(A). "Approvable when filed" means that the visa petition was "properly filed, meritorious in fact, and non-frivolous" on the filing date and under the circumstances existing at that time. *Id*. § 1245.10(a)(3).

To support her status as a grandfathered alien, Petitioner points to a visa petition that her mother, a lawful permanent resident, filed on her behalf in June 1992. The parties agree that Petitioner was eligible as the beneficiary of that petition if she was the unmarried daughter of a lawful permanent resident. *See* 8 U.S.C. § 1153(a)(2)(B) (providing a visa category for unmarried sons and daughters of lawful permanent residents). Thus, her mother's visa petition was approvable when filed if Petitioner was unmarried in June 1992.

At a hearing before the IJ, the Petitioner sought to show she was unmarried in June 1992. DHS, on the other hand, presented evidence indicating Petitioner and Jose Alfredo Gomez were common-law married under Colorado law at that time. In reviewing the evidence, the IJ pointed to Petitioner's statements and submissions to

3

the government regarding the existence and length of her marriage to Gomez, as well as their six children's use of Gomez's surname. Ultimately, the IJ found that Petitioner had "created an ambiguous situation" and consequently hadn't met her burden to show she was unmarried in June 1992. Admin. R. at 67. Because she couldn't satisfy all of the eligibility requirements for adjustment of status under § 1255, the IJ ordered Petitioner removed.

In her appeal to the BIA, Petitioner focused on Colorado precedent requiring clear, consistent, and convincing evidence to prove a common-law marriage. Because the IJ characterized the evidence here as ambiguous, Petitioner contended the evidence could not have satisfied Colorado's high evidentiary standard. Thus, she reasoned that the IJ clearly erred in finding she was in a common-law marriage as of June 1992.

But the BIA disagreed with her premise, concluding that regardless of the burden of proof required to establish a common-law marriage under Colorado law, Petitioner bore the burden to establish her eligibility for relief in immigration proceedings. After reciting the IJ's factual findings, the BIA found no clear error in the IJ's "ultimate factual determination" that Petitioner was common-law married at the time her mother filed the visa petition on her behalf in June 1992. Admin. R. at 6.

Petitioner timely filed a petition for review from the BIA's dismissal of her appeal. Because a single member of the BIA affirmed the IJ's denial of Petitioner's application for relief from removal in a brief order, we review the BIA's order rather

4

than the IJ's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). Before us, Petitioner asserts that the BIA erred by reviewing for clear error, rather than de novo, the IJ's legal conclusion that she was in a common-law marriage in June 1992, and by failing to require that evidence of a Colorado common-law marriage be clear, consistent, and convincing. She further argues that the BIA's findings are not supported by substantial evidence, and that the BIA misrepresented the record and ignored evidence in violation of her due process right to be heard in a meaningful manner. Finally, she contends that the BIA erred in concluding that she failed to meet her burden of proof to show by a preponderance of the evidence that she was eligible for adjustment of status.

## II.    Jurisdiction

"We have jurisdiction to determine our jurisdiction." *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) (internal quotation marks omitted). Our jurisdiction over this petition for review is limited in two respects. First, because Petitioner is a criminal alien, we can review only "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(a)(2)(C) (otherwise precluding review of final removal orders against aliens removable by reason of having committed certain criminal offenses). Second, we lack jurisdiction to review claims that Petitioner didn't exhaust before the BIA. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam).

5

### A. Constitutional Claims or Questions of Law

As a preliminary matter, the Attorney General argues that Petitioner raises no constitutional claim or question of law over which we have jurisdiction. In her reply brief, Petitioner responds that she raises two questions of law. In *Diallo*, we construed "questions of law," as used in § 1252(a)(2)(D), to mean "a narrow category of issues regarding statutory construction," 447 F.3d at 1282 (internal quotation marks omitted), rather than "all claims having a legal dimension," *id.* at 1281. Nevertheless, Petitioner maintains this rule isn't "completely inflexible," Pet. Reply Br. at 5, and she asserts that we have jurisdiction over claims that "'touch upon'" matters of statutory construction, *id.* (quoting *Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007)). And, according to Petitioner, the issue whether she was married at common law in Colorado in June 1992 presents a legal question because it requires application of the Colorado evidentiary standard to the relevant factual findings. But while this issue may possess some legal dimension, it neither presents nor touches upon matters of statutory construction. Therefore, we conclude this claim doesn't fall within the narrow parameters of a "question of law" reviewable under § 1252(a)(2)(D).

Petitioner also suggests that she presents a reviewable question of law with her claim that the BIA failed to comply with its governing regulation by reviewing the IJ's legal determinations de novo under 8 C.F.R. § 1003.1(d)(3)(ii). She maintains that the BIA erred in reviewing for clear error the IJ's determination that she was in a common-law marriage in June 1992. In support, Petitioner points out that in

6

*Lorenzo*, we reviewed an alien's claim that DHS failed to comply with a regulatory procedure. *See* 508 F.3d at 1282-83. But we need not decide whether Petitioner's claim presents a question of law because, as we explain below, Petitioner didn't exhaust this claim before the BIA.

Lastly, to the extent that Petitioner argues her constitutional claim presents a reviewable claim under § 1252(a)(2)(D), we are not persuaded that her contentions amount to a reviewable due process claim. "An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness, or in other words, only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (internal quotation marks and alteration omitted).

Petitioner argues that the BIA's decision is not supported by substantial evidence and that its "misrepresentations of the evidentiary record and failure to address significant evidence favorable to [her] constitute a failure to hear her case in a meaningful manner in violation of her due process rights." Pet. Opening Br. at 37. But "[a]n alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (holding challenges to the agency's factual findings "cloaked in constitutional garb" are outside the scope of our judicial review under § 1252(a)(2)(D)); *see also Alzainati*, 568 F.3d at 851-52 (noting an argument that the IJ failed to explicitly consider certain evidence is properly viewed as a

7

substantial-evidence argument, rather than a constitutional challenge).[3]  Similarly, Petitioner's weight-of-the-evidence arguments in this case don't state a "colorable constitutional claim" subject to our jurisdiction.  *Alzainati*, 568 F.3d at 851.

## B.  Exhaustion of Remedies

Even if Petitioner has raised a question of law in her petition, we lack jurisdiction to review her contention because she failed to raise it before the BIA. We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1). We lack jurisdiction to consider unexhausted claims.  *Akinwunmi*, 194 F.3d at 1341. One important purpose of this rule is "to give the agency the opportunity to correct its own errors."  *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

To exhaust some claims, a petitioner must bring them before the BIA in a motion to reopen or reconsider.  *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007).  In *Sidabutar,* we held that the petitioners failed to exhaust their procedural challenges to the BIA's allegedly de novo fact-finding.  *Id.*  We concluded that these claims "should have been brought before the BIA in the first instance

---

[3] Petitioner argues in her reply brief that she also challenges the BIA's wholesale failure to consider certain evidence, which if credited, would require reversal of the BIA's decision.  She asserts that this error implicates due process. *See Alzainati*, 568 F.3d at 851.  But she didn't raise this allegation of constitutional error in her opening brief and we decline to consider it.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (declining to consider argument not raised in opening brief).

8

through a motion to reconsider or reopen," and the petitioners' failure to do so deprived us of jurisdiction to review the claims. *Id.*

Here, we ordered the parties to file supplemental briefs addressing whether Petitioner exhausted her claim that the BIA failed to comply with 8 C.F.R. § 1003.1(d)(3)(ii) by reviewing the IJ's legal determination de novo. Petitioner responded that she raised that claim in her BIA appeal by identifying the applicable standards of review under the regulations. She argues that the BIA acknowledged those standards but nonetheless erred by reviewing a legal issue for clear error.[4] We are not persuaded that by reciting the standards of review in her BIA appeal brief, Petitioner sufficiently exhausted the claim of error she raises in her petition: that the BIA misapplied those standards in its decision. *See Garcia-Carbajal*, 625 F.3d at 1237 ("[A]n alien must present the same *specific legal theory* to the BIA before he or she may advance it" in this court.).

Moreover, our holding in *Sidabutar* required Petitioner to first raise this claim with the BIA in a motion to reconsider or reopen. Petitioner attempts to distinguish *Sidabutar*, noting that it addressed exhaustion in a circumstance where the BIA sua sponte considered an issue not raised by the petitioner. But *Sidabutar* also reaffirmed the principle that when an issue is neither raised by a petitioner nor considered sua sponte by the BIA, the petitioner has failed to exhaust and we lack jurisdiction. *See*

---

[4] Petitioner ignores that she argued in her BIA appeal brief that the IJ "committed a clear error." Admin. R. at 24.

503 F.3d at 1122 (declining to review unraised claims of error that the BIA had not substantively addressed sua sponte).

Because Petitioner fails to raise any claim that is reviewable under § 1252(a)(2)(D) and that she exhausted before the BIA, we dismiss her petition for review for lack of jurisdiction.

Entered for the Court


Nancy L. Moritz
Circuit Judge
