FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ABEL OCAMPO-GUADERRAMA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 11-9574
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Abel Ocampo-Guaderrama petitions for judicial review of an order of the

Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of

his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Exercising

our jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Petitioner, a native and citizen of Mexico, entered the United States illegally in 1996.  He has three children, all of whom are United States citizens.  In 2008, the Department of Homeland Security initiated removal proceedings against him under 8 U.S.C. § 1182(a)(6)(A)(i), alleging that he was present without being admitted or paroled.  Petitioner appeared before an IJ and conceded removability, but requested cancellation of removal under § 1229b, which provides for discretionary cancellation of removal when an alien demonstrates that: (1) he has been physically and continuously present in the United States in the ten years preceding his application; (2) he has been a person of good moral character during such period; (3) he has not been convicted of certain criminal offenses; and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States."  8 U.S.C. § 1229b(b)(1).

In 2010, the IJ held a hearing on the matter during which only petitioner testified in support of his application.  The decisive issues before the IJ were whether petitioner satisfied the second and fourth requirements.  Petitioner contended that his removal would result in exceptional and extremely unusual hardship to his children.  He testified that his children did not want to go to Mexico.  More particularly, he testified that his daughter, who was five years old at the time of the hearing, has difficulties with speech and that he was advised by the child's teacher that she should be evaluated by a physician.  He claimed that if his daughter were to return with him

- 2 -

to Mexico, that she would not learn as much as she could in the United States and that there was no treatment in his town in Mexico for children with speech problems.

Petitioner also testified concerning certain criminal convictions, including some traffic offenses and a conviction for prostitution. He sought to discredit the government's position that his prostitution conviction constituted a crime of moral turpitude disqualifying him for cancellation of removal. He claimed that he did not hire anyone for services and was induced to plead guilty with the threat of being turned in to immigration officials for deportation.

The IJ denied the application finding that petitioner had failed to establish "exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D). Although the IJ had previously advised petitioner that corroborative evidence concerning his childrens' hardship was expected, and petitioner had fifteen months to obtain such evidence, he did not proffer any evidence from a medical professional or school educator establishing that his daughter had a speech problem or was receiving medical treatment for any speech difficulties. The IJ further found that petitioner failed to establish he possessed good moral character, because petitioner pled guilty to the crime of prostitution and did not provide evidence concerning the underlying facts of the offense.

Petitioner appealed the IJ's decision to the BIA, which, after conducting a de novo review, affirmed the IJ's conclusion that petitioner had not established exceptional or extremely unusual hardship. In so holding, the BIA concluded that

petitioner had not demonstrated hardship that is "substantially different from or beyond that normally encountered in the course of removal." Admin. R. at 3-4. The BIA further determined that it need not address petitioner's argument regarding whether he had met his burden of proof establishing the requisite good moral character for cancellation of removal.

Petitioner now petitions this court for review, claiming that in assessing the requisite exceptional and extremely unusual hardship, the BIA applied a legal standard that has not been defined and further challenging the IJ's finding that petitioner lacked good moral character. Respondent asserts that 8 U.S.C. § 1252(a)(2)(B)(i) deprives this court of jurisdiction to review the agency's determination.

## II. Jurisdiction

As a threshold matter, we must first determine whether we have jurisdiction to review the issues raised by petitioner. *Arambula-Medina v. Holder*, 572 F.3d 824, 827 (10th Cir. 2009). "The Immigration and Nationality Act provides that 'no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1229b.'" *Id*. at 828 (quoting 8 U.S.C. § 1252(a)(2)(B)(i)) (ellipses omitted). We have construed this jurisdictional bar to encompass "discretionary aspects of a decision concerning cancellation of removal," including underlying factual determinations and determinations of whether removal would result in exceptional

and extremely unusual hardship to a qualifying relative under § 1229b(b)(1)(D). *Arambula-Medina*, 572 F.3d at 828.

Under § 1252(a)(2)(D), we retain jurisdiction, however, to review "constitutional claims" or "questions of law" involving statutory construction. *Diallo v. Gonzales*, 447 F.3d 1274, 1281-82 (10th Cir. 2006); 8 U.S.C. § 1252(a)(2)(D). But our jurisdiction is limited to "colorable" constitutional claims or questions of law. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (noting that arguments that "evidence was incorrectly weighed, insufficiently considered, or supports a different outcome" do not present a colorable constitutional claim). To determine whether a claim is "colorable," we ask whether it is "immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (internal quotation marks omitted).

Petitioner claims that the BIA erred because it applied a legal standard for determining "exceptional and extremely unusual hardship" that has not been defined. Respondent asserts that petitioner is simply trying to escape the jurisdictional bar and has not presented a "substantial legal issue." Resp. Br. at 9. We disagree and find that petitioner's challenge to the legal standard used by the BIA raises a colorable question of law that is within our jurisdiction to review. Petitioner is, in effect, attacking the BIA's standard as vague which necessarily involves statutory construction, and the claim is not wholly insubstantial. *See, e.g.*, *Pareja v. Att'y*

- 5 -

*Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (finding that challenge to legal standard was "colorable" because it related solely to the nondiscretionary question of whether BIA's binding legal standard was correct).

### III.    Discussion

We review petitioner's question of law de novo. *Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007). Because a single member of the BIA affirmed the IJ's decision in a brief order under 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the decision of the IJ. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

Petitioner's claim of legal error stems from the BIA's reliance on its decision in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001). In that decision the BIA interpreted the meaning of "exceptional and extremely unusual hardship" under § 1229b(b)(1)(D). In doing so, it examined the relevant statutory provision in much detail, considering the structure and legislative history to determine what an applicant for cancellation of removal has to demonstrate. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 58-60; *see also Pareja*, 615 F.3d at 190-92 (analyzing *In re Monreal-Aguinaga*).

In *In re Monreal-Aguinaga*, the BIA observed that with passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), the new standard of "exceptional and extremely unusual" hardship for cancellation of removal is a "higher" and "more restrictive"

- 6 -

standard than the "extreme hardship" standard previously applicable in suspension of deportation cases. 23 I. & N. Dec. at 59, 62; *see also Pareja*, 615 F.3d at 185 (addressing legislative background of suspension of deportation/cancellation of removal). It concluded that to establish "exceptional and extremely unusual hardship" an alien must show that "his qualifying relatives would suffer hardship that is *substantially different from, or beyond*, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 65 (emphasis added).

Petitioner's attack on the BIA's use of the hardship standard set forth in *In re Monreal-Aguinaga*, *i.e.*, hardship that is "substantially beyond" that which would normally be expected, is very narrow. He argues only that it "has not been defined." Pet'r Br. at 13. But other than providing summaries of other BIA decisions, he does not provide any analysis or cite any authority to support his apparent argument that the standard in *In re Monreal-Aguinaga* may not be given legal effect *because* it has not been further defined. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding party must support argument with legal authority). Nor have we found authority that would support petitioner's claim. And, notably, the BIA has affirmed that *In re Monreal-Aguinaga*, along with *In re Andazola-Rivas*, represent the BIA's "seminal interpretations of the meaning of 'exceptional and extremely unusual hardship.'" *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (BIA 2002); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002).

- 7 -

On this basis, we cannot find error simply in the BIA's use of a standard that it has not further defined. And we note that there is nothing improper with the BIA using factors set forth in *In re Monreal-Aguinaga* to further define "substantially beyond" ordinary hardship on a case-by-case basis.

But even if there was some legal support for petitioner's claim, we must nevertheless give *Chevron* deference to the BIA's interpretation of "exceptional and extremely unusual hardship" if its construction is reasonable. *See Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 844 (1984); *see also Padilla-Caldera v. Holder*, 637 F.3d 1140, 1147 (10th Cir. 2011) ("[I]f the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation.") (internal quotation marks omitted).

In a well-reasoned analysis, the Third Circuit concluded that the BIA's interpretation of "exceptional and extremely unusual hardship" as set forth in *In re Monreal-Aguinaga* was entitled deference because it was a "permissible construction of the statute." *Pareja*, 615 F.3d at 194 (internal quotation marks omitted). It noted that the BIA's interpretation was buttressed by the statute's legislative history. *Id*. at 193; *see also In re Monreal-Aguinaga*, 23 I. & N. Dec. at 59, 62. That history demonstrated that, in adopting the term "exceptional and extremely unusual hardship," Congress intended to "'emphasize that [an] alien must provide evidence of

harm to [qualifying relatives] *substantially beyond that which ordinarily would be expected to result from the alien's deportation*.'" *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 59 (quoting H.R. Rep. No. 104-828, at 213 (1996)). We agree with our sister circuit and, accordingly, we must defer to the BIA under *Chevron*. As such, we conclude petitioner's argument fails.

Furthermore, to the extent that the remainder of petitioner's argument asks us to re-evaluate the agency's hardship determination by claiming that the IJ did not consider all the evidence, this we may not do. We have no jurisdiction to review arguments that "the evidence was incorrectly weighed, was insufficiently considered, or supports a different outcome." *Alzainati v. Holder*, 568 F.3d 844, 850-51 (10th Cir. 2009) (internal quotation marks omitted).

Turning to petitioner's challenge to the IJ's determination that he failed to establish good moral character for cancellation of removal under § 1229b(b)(1)(B), he argues that whether his conviction for prostitution presents a statutory bar to his eligibility for cancellation of removal is a question of law within our jurisdiction to review. But we may not address petitioner's argument as this issue was not reviewed or relied on by the BIA. *See Kechkar*, 500 F.3d at 1083. "[W]e review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Id*. (internal quotation marks omitted). And in any event, even if the IJ's decision was erroneous, petitioner's failure to establish "exceptional and extremely unusual hardship" precluded cancellation of his removal and, therefore,

petitioner's challenge is moot. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003).

The petition for review is DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge