# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2020

Lyle W. Cayce
Clerk

No. 19-60467
Summary Calendar

---

Antonio Avila-Baeza,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 488 484

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Antonio Avila-Baeza, a native and citizen of Mexico, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial of his application for cancellation of removal after reopening and remand for consideration of newly submitted evidence. The immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60467

judge (IJ) determined that the newly submitted evidence did not alter its earlier determination that Avila-Baeza failed to show that his removal would result in "exceptional and extremely unusual hardship" to his two qualifying daughters under 8 U.S.C. § 1229b(b)(1)(D).

In his petition for review, Avila-Baeza argues that (1) the BIA and IJ erred by failing to consider the future hardships that his qualifying family members would experience as a result of his removal; (2) the BIA erred by applying the wrong legal standard when evaluating his application for cancellation of removal; and (3) the BIA erred by refusing to consider his eligibility for voluntary departure.  Although we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to consider the BIA's purely discretionary denial of cancellation of removal, a challenge to "the application of a legal standard to undisputed or established facts" is a legal question that may be reviewed pursuant to § 1252(a)(2)(D). *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020).

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Despite the de novo standard for reviewing legal questions, we "afford substantial deference to the BIA's interpretation of immigration statutes unless there is compelling evidence that the BIA's interpretation is incorrect."  *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (internal quotation marks and citation omitted).  We review the IJ's decision to the extent that it affected the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Assuming without deciding that § 1229b(b)(1)(D)'s hardship inquiry is future-oriented, the record shows that the IJ and BIA considered the future hardships Avila-Baeza's qualifying daughters would experience due to his

removal. Avila-Baeza's contention to the contrary is not supported by the record.

Avila-Baeza contends that the BIA erred by applying the higher hardship standard for cancellation of removal espoused in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001) (en banc), and *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (BIA 2002) (en banc), instead of the more lenient standard that was used to assess the hardship requirement for suspension of deportation. "[T]the BIA's interpretation of an ambiguous provision of a statute that it administers" may be entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Cantarero-Lagos v. Barr*, 924 F.3d 145, 149 (5th Cir. 2019). Although we have not yet considered this issue, every other circuit that has addressed this question has determined that the BIA's interpretation of the hardship requirement for cancellation of removal is entitled to deference. *See Ocampo-Guaderrama v. Holder*, 501 F. App'x 795, 798-99 (10th Cir. 2012); *Pareja v. Att'y Gen.*, 615 F.3d 180, 190-95 (3d Cir. 2010); *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006-07 (9th Cir. 2003); *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003), *overruled on other grounds by Patel v. U.S. Att'y Gen.*, ___ F.3d ___, No. 17-10636, 2020 WL 4873196, 1 (11th Cir. Aug. 19, 2020). We find these decisions from our sister circuits persuasive and similarly defer to the BIA's interpretation regarding this issue. *See Holguin-Mendoza v. Lynch*, 835 F.3d 508, 509 (5th Cir. 2016).

Finally, although the IJ initially granted Avila-Baeza's request for voluntary departure, the BIA did not reinstate the period of voluntary departure in his first appeal because he failed to comply with 8 C.F.R. § 1240.26(c)(3)(ii) by submitting proof that he had posted the requisite bond. When Avila-Baeza raised his eligibility for voluntary departure before the BIA in his second appeal, the BIA remarked that he had neither sought nor established his eligibility for voluntary departure after reopening. Avila-

No. 19-60467

Baeza has not refuted the BIA's determination in this regard.  Accordingly, the petition for review is DENIED.