**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JONATHAN PINEDA,

     Petitioner,

v.

LORETTA E. LYNCH, United
States Attorney General,

     Respondent.

No. 15-9577
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Mr. Jonathan Pineda is a citizen of Mexico. When the Department of

Homeland Security sought to remove him, he applied for cancellation of

removal. To obtain this relief, Mr. Pineda needed to show that he had

continuously remained in the United States for at least seven years. An

immigration judge found that Mr. Pineda had not satisfied this requirement

---

[*]    The Court has determined that oral argument would not materially
aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir.
R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

and ordered removal. The Board of Immigration Appeals agreed and dismissed Mr. Pineda's appeal. Mr. Pineda then filed a petition seeking review of the Board's decision. We deny the petition, concluding that the Board did not commit a legal error and that there was substantial evidence for its findings.

## I. Mr. Pineda's Entry into the United States as a Child: Two Accounts

The government sought removal based on allegations that Mr. Pineda had tried to bring a Mexican minor into the United States. At the removal hearing, Mr. Pineda conceded removability but contended that he was eligible for cancellation of removal.

To qualify for cancellation of removal, Mr. Pineda needed to show that he had continuously remained in the United States for at least seven years. 8 U.S.C. § 1229b(a)(2). This period could not begin until Mr. Pineda was admitted into the United States and had to end by June 2, 2004 (when Mr. Pineda was served with a notice to appear). *Id.*; 8 U.S.C. § 1229b(d)(1). Thus, to be eligible for cancellation of removal, Mr. Pineda needed to show that he had been admitted into the United States on or before June 2, 1997, which was seven years before service of the notice to appear.

Mr. Pineda was recognized as a lawful permanent resident in February 1999. But this status would not help Mr. Pineda because he received the notice to appear less than six years later.

Mr. Pineda argues that he was admitted into the country in 1988 by crossing the border after inspection by border officers. *In re Quilantan*, 25 I. & N. Dec. 285 (BIA 2010). For the sake of argument, we can assume that Mr. Pineda's argument is legally valid.[1] Nonetheless, the evidence on inspection was conflicting. The government presented two documents, one filed by Mr. Pineda and the other by his father. Both documents said that Mr. Pineda had entered the United States in October 1987 "without inspection." R. at 140-41, 145. Mr. Pineda argued that these statements were incorrect, insisting that he had entered the United States in 1988 after inspection. Though Mr. Pineda supported this argument with an affidavit signed by his aunt, the aunt did not testify.

---

[1]    In *Quilantan*, the Board reaffirmed one of its prior cases, *In re Areguillin*, 17 I. & N. Dec. 308 (BIA 1980), in holding that "an alien who physically presents herself for questioning and makes no knowing false claim to citizenship is 'inspected,' even though she volunteers no information and is asked no questions by the immigration authorities, and that such an alien has satisfied the 'inspected and admitted' requirement of [8 U.S.C. § 1255(a)]." *Quilantan*, 25 I. & N. Dec. at 293; *see also Cordova-Soto v. Holder*, 659 F.3d 1029, 1034 (10th Cir. 2011) ("In *Quilantan*, the BIA interpreted the term 'admitted' as it is used in § 1255(a)."). The statute at issue in *Quilantan*, 8 U.S.C. § 1255(a), governs adjustment of status. We need not decide whether *Quilantan* applies when an alien seeks cancellation of removal. *Cf. Nelson v. Att'y Gen.*, 685 F.3d 318, 323 n.2 (3d Cir. 2012) (declining to decide whether *Quilantan* applies to interpretation of the term "admitted" for cancellation of removal).

The immigration judge found that Mr. Pineda had not satisfied his burden. Doing so, the immigration judge stressed that Mr. Pineda and his father had said, closer to the time that they had entered the country, that they were not inspected when crossing the border. The judge pointed out that the aunt had not come forward with her version until 2011, when Mr. Pineda realized that his earlier version would render him ineligible for cancellation of removal. In addition, the immigration judge discounted the aunt's letter because it had not been notarized, had been short, and had lacked specifics. The immigration judge also expressed skepticism about the aunt's explanation for her refusal to testify.

The Board of Immigration Appeals upheld the immigration judge's decision for three reasons.

First, the Board concluded that Mr. Pineda had obtained due process even though the immigration judge declined to allow evidence on removability. The Board pointed out that Mr. Pineda's attorney had acknowledged that the charge could probably be sustained based on the investigative report, that Mr. Pineda had declined to contest any information in the report, that no evidence existed to counter the charge of removability, that the attorney had no witnesses to rebut the charge of removability, and that Mr. Pineda had waived the right to present evidence.

Second, the Board agreed with the immigration judge that in light of the conflicting evidence, Mr. Pineda had not met his burden of showing that he had been admitted in 1988.

Third, the Board concluded that the immigration judge had not erred in refusing to credit the recantation by Mr. Pineda's father. The Board reasoned that even if the father had recanted, an evidentiary conflict would have remained on how Mr. Pineda had entered the United States.

## II.    Standard of Review

The Board's decision constitutes the final removal order even though it was brief and issued by a single Board member. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). Thus, we review the Board's decision rather than the immigration judge's. *Id.* Nonetheless, we can consult the immigration judge's explanation for the grounds ultimately upheld by the Board. *Id.*

We review the Board's legal determinations de novo and its factual findings under the substantial-evidence standard. *Niang v. Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005).

This appeal largely turns on the Board's factual findings. In our review, we regard the Board's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

5

## III. Mr. Pineda's Appeal Points

Mr. Pineda argues in part that his father should have been allowed to testify. According to Mr. Pineda, his father's testimony would have clarified that his prior statement was a mistake and that Mr. Pineda had actually entered in the manner the aunt described. Mr. Pineda adds that (1) the agency should have given greater credit to his aunt's declaration and (2) because of the smuggling charge, agency officials were determined to disallow cancellation regardless of the evidence. We reject these arguments for six reasons.

First, the immigration judge could reasonably discount the father's recantation in light of the clarity of his earlier account of how he and Mr. Pineda had entered the country.

Second, the father's new account was based solely on what the aunt had said, and the immigration judge did not regard the aunt's version as persuasive. The immigration judge could have credited the father's new account. But the immigration judge acted reasonably in relying on two sworn accounts that Mr. Pineda had entered the United States without inspection.

Third, Mr. Pineda lacks any evidence for his broad challenge to the agency's objectivity based on the smuggling charge. This contention is unsupported.

Fourth, we reject Mr. Pineda's due-process challenge to the exclusion of his father's testimony. An alien "has no liberty or property interest in obtaining purely discretionary relief" such as cancellation of removal; thus, Mr. Pineda "'cannot raise a due process challenge to the denial of his application for cancellation of removal.'" *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (quoting *Dave v. Ashcroft*, 363 F.3d 649, 653 (7th Cir. 2004)).

Fifth, Mr. Pineda cannot base a due-process claim on his inability to present evidence in opposing the charge of removability. On that charge, Mr. Pineda's counsel expressly waived the right to present any evidence. Thus, Mr. Pineda obtained all of the process that was due. *See Arambula-Medina*, 572 F.3d at 828.

Finally, though Mr. Pineda claims that the immigration judge did not consider evidence from his aunt, that is simply not the case.

## IV.   Disposition

The petition for review is denied.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7