FILED
United States Court of Appeals
Tenth Circuit

July 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN PINEDA,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 20-9623
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Jonathan Pineda, a native and citizen of Mexico, seeks review of a decision by the

Board of Immigration Appeals (BIA) denying his motion to reopen or reconsider his

removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252(a)(5), we deny the

petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Pineda entered the United States as a child in 1988 and became a lawful permanent resident in 1999. In 2004, the Department of Homeland Security (DHS) charged him in a notice to appear with removability for smuggling or attempting to smuggle an alien into the country. Pineda failed to appear for his hearing and an Immigration Judge (IJ) ordered him removed in absentia.

The IJ later rescinded the removal order and allowed Pineda to apply for cancellation of removal under 8 U.S.C. § 1229b(a). Under that statute, the Attorney General may cancel removal of an alien who, among other things, "has resided in the United States continuously for 7 years after having been admitted in any status." 8 U.S.C. § 1229b(a).

The IJ then denied Pineda's request for cancellation, concluding that he failed to show continuous residence in the United States for seven years after being admitted in any status. The IJ reasoned that Pineda's only admission was when he became a lawful permanent resident, just five years before the notice to appear charged him with removability and stopped the accrual of his continuous residence. The BIA dismissed Pineda's appeal in October 2015 and ordered his removal. DHS subsequently removed Pineda to Mexico, and this court denied his petition for review. *See Pineda v. Lynch*, 656 F. App'x 391 (10th Cir. 2016).

Pineda illegally re-entered the United States in February 2017. DHS apprehended him, reinstated the October 2015 removal order, and returned him to Mexico.

2

In July 2018, Pineda filed a motion in the BIA to reopen or reconsider the removal proceedings based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In *Pereira*, the Supreme Court held that a notice to appear that omits the time and place of a removal hearing—as did Pineda's—does not stop the alien's accrual of time toward the continuous-presence requirement for cancellation of removal. *Id.* at 2110.[1]

In July 2019, unaware of the reinstated removal order, the BIA considered Pineda's motion and denied it on the merits because, among other things, DHS had sent him a notice of hearing containing the omitted information which, it believed, perfected the notice to appear and triggered the stop-time rule. Pineda sought judicial review. On DHS's motion, this court remanded the matter to the BIA.

On remand, DHS conceded error in the application of the stop-time rule,[2] but raised the reinstatement of Pineda's removal order as a bar to reopening the proceedings. Upon revisiting the matter, the BIA described reinstatement as a "significant development" not previously revealed by either Pineda or DHS, R., Vol. II at 4 & n.2, that divested it of jurisdiction to reopen or review Pineda's case, *see id.* at 5 (citing 8

---

[1] In the motion, Pineda sought reconsideration by arguing *Pereira* also meant that his defective notice to appear did not confer jurisdiction on the immigration court. We have since rejected this line of jurisdictional argument. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020) ("[T]he requirements relating to notices to appear are non-jurisdictional, claim-processing rules.").

[2] "[T]he stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing" that supplies the previously omitted information. *Banuelos v. Barr*, 953 F.3d 1176, 1184 (10th Cir. 2020), *cert. denied* 2021 WL 1725170 (U.S. May 3, 2021) (No. 20-356).

U.S.C. § 1231(a)(5), which provides that a reinstated removal order "is not subject to being reopened or reviewed"). Consequently, the BIA denied Pineda's July 2018 motion.

Pineda now seeks judicial review, arguing the BIA erred in holding it lacked jurisdiction to reopen or reconsider his removal proceedings.[3]

## DISCUSSION
## I. Standards of Review

We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider. *Mena-Flores v. Holder*, 776 F.3d 1152, 1168, 1172 (10th Cir. 2015). "The [BIA] abused its discretion if it failed to give a rational explanation, inexplicably deviated from past policies, failed to supply any reasoning, or rested on summary or conclusory statements." *Id.* at 1169. The BIA necessarily abused its discretion if it "committ[ed] a legal error." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017) (brackets and internal quotation marks omitted). Thus, "we engage in de novo review of constitutional and other legal questions." *Mena-Flores*, 776 F.3d at 1162.

## II. Reinstatement

An alien's illegal re-entry into the United States can have strict consequences:

If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date *and is not subject to being reopened or reviewed*, the alien is

---

[3] Pineda's motion sought both statutory and sua sponte reopening. Although we ordinarily lack jurisdiction to determine whether the BIA should have sua sponte reopened the proceedings, we do have jurisdiction to consider whether, as here, the BIA relied "on an incorrect legal premise." *Reyes-Vargas v. Barr*, 958 F.3d 1295, 1300 (10th Cir. 2020) (internal quotation marks omitted).

4

not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

Although the Tenth Circuit has not addressed § 1231(a)(5)'s effect on the BIA's jurisdiction to reopen or reconsider removal proceedings, other Circuit Courts have held that § 1231(a)(5) "operates as a mandatory directive to the BIA, preventing it from" reopening removal proceedings after a removal order has been reinstated. *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018) (internal quotation marks omitted); *see, e.g.*, *Alfaro-Garcia v. U.S. Att'y Gen.*, 981 F.3d 978, 982 (11th Cir. 2020) ("Congress unambiguously provided in § 1231(a)(5) that th[e] right [to seek reopening of removal proceedings] is forfeited when the alien illegally reenters the United States and his previous order of removal is reinstated."); *Cuenca v. Barr*, 956 F.3d 1079, 1088 (9th Cir. 2020) (joining other circuits in "concluding that § 1231(a)(5) bars reopening a removal order that has been reinstated following an alien's unlawful reentry into the United States"); *Cordova-Soto v. Holder*, 732 F.3d 789, 795-96 (7th Cir. 2013) (concluding that § 1231(a)(5) prevented the BIA from "allow[ing] [alien] to attack belatedly her [reinstated] removal order").

Pineda's reliance on *Lorenzo v. Mukasey*, 508 F.3d 1278 (10th Cir. 2007), and *Mendiola v. Holder*, 576 F. App'x 828 (10th Cir. 2014), is misplaced. Those cases stand for the proposition that § 1231(a)(5) does not "categorically [preclude our] jurisdiction to review constitutional and statutory claims related to all underlying removal orders." *Lorenzo*, 508 F.3d at 1281 (emphasis omitted); *see also Mendiola*, 576 F. App'x at 834-

5

35.  Indeed, the Real ID Act of 2005 limits the reach of § 1231(a)(5) by preserving "judicial review" of "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D).  *See Lorenzo*, 508 F.3d at 1281.  Pineda identifies no authority—from this Circuit or elsewhere—that circumscribes § 1231(a)(5)'s effect when it comes *to the BIA*'s consideration of a reinstated removal order in the context of an alien's motion to reopen or reconsider.  *See Rodriguez-Saragosa*, 904 F.3d at 354 n.4 (noting that § 1231(a)(5)'s reach differs depending on whether it was applied in the first instance by the BIA or is raised as a jurisdictional bar to judicial review).

We thus join our sister circuits in recognizing that § 1231(a)(5) operates as a mandatory directive to the BIA barring relief from a reinstated removal order.  *See Johnson v. Guzman Chavez*, No. 19-897, 2021 WL 2653264, at *7 (U.S. June 29, 2021) ("[T]here is nothing left for the BIA to do with respect to [a reinstated] removal order other than to execute it.").  Accordingly, we conclude the BIA did not abuse its discretion by denying Pineda's motion to reopen or reconsider.

## CONCLUSION

We deny the petition for review.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

6